## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LUCIUS SELF | * | |
|     Plaintiff | * | CASE NO. |
| | * | |
| VERSUS | * | JUDGE |
| | * | |
| DOLLAR GENERAL, DOLGENCORP, LLC | * | MAGISTRATE |
|     Defendant | * | |
| | * | A JURY IS DEMANDED |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

TO: The Honorable Judges
    of the United States District Court
    for the Eastern District of Louisiana

Defendant, **DG LOUISIANA, LLC** (incorrectly captioned "Dolgencorp, LLC, Dolgencorp, LLC"), respectfully submits this Notice of Removal of the above-styled matter, and as cause therefore shows as follows.

1.

On the 17th day of July, 2017, the attached Petition was filed in the Civil District Court Judicial District Court for the Parish of Orleans, State of Louisiana, entitled *Lucius Self v. Dollar*

*General, Dolgencorp, LLC*, bearing case number 2017-06844.[1] Defendant was served with the Petition on July 28, 2017.

2.

Plaintiff's Petition alleges personal injuries as a result of an incident on July 16, 2016, at the Dollar General store located on N. Broad Street in New Orleans, Louisiana, where he alleges that he "**suffered a gunshot wound to the hip** by unknown assailants existing," who "apparently had committed a robbery."[2] Plaintiff claims that following the incident he was transferred to University Medical Center Hospital via ambulance for medical care and treatment.[3] He avers that the injuries he suffered as a result of the incident "required **surgical procedure** in which **has affected his walking abilities**."[4] He further claims that he "continues to suffer emotional distress from his horrific experience at Dollar General."[5]

Plaintiff's Petition did not specify an amount of damages sought, which is required under Louisiana law. The Fifth Circuit Court of Appeals has established the framework for resolving jurisdictional disputes where no specific amount of damages is asserted in the Petition.[6] The removing defendant must prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[7] The defendant may make this showing in two ways: (1) by

---

[1] *See* Exhibit "A" (Petition for Damages).
[2] *See* Exhibit "A" (Petition for Damages, ¶¶ IV[4]-[5]). (emphasis added)
[3] *See* Exhibit "A" (Petition for Damages, ¶ IV[6]).
[4] *See* Exhibit "A" (Petition for Damages, ¶ IV[7]). (emphasis added)
[5] *See* Exhibit "A" (Petition for Damages, ¶ IV[15]).
[6] *James v. Home Depot USA, Inc.*, 2002 WL 1453824 at *1 (E.D. La. 2002) (*citing Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999)).
[7] *Id.*

demonstrating that it is "facially apparent" that the claims are likely in excess of $75,000, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount."[8]

In this case, it is facially apparent from plaintiff's Petition for Damages that the amount in controversy exceeds $75,000.[9]

3.

Pursuant to 28 U.S.C.A. 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

Here, removal is timely because it was filed within 30 days of after the July 28, 2017 service of the Petition for Damages.

4.

This Court has original jurisdiction of this action under 28 U.S.C. § 1332, and this action is, therefore, removable to this court on the basis that:

    A.    The properly joined parties to this action are completely diverse:

---

[8] *Id.*
[9] *See* Exhibit "A" (Petition for Damages)

  1. Plaintiff, Lucius Self, is a person of full age of majority and a domiciliary of the Parish of Orleans, State of Louisiana;[10] and

  2. DG Louisiana, LLC, is a single member limited liability company whose sole member is Dolgencorp, LLC, whose sole member is Dollar General Corporation, which is incorporated and has its principal place of business in Tennessee.

B. The amount in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs.

  1. As is proper under Louisiana law, the Petition does not specify an amount of damages sought. However, in his Petition, plaintiff claims that he suffered a gunshot wound to the hip, which required a surgical procedure.[11] He further claims that the surgery has affected his ability to walk and that he has suffered emotional distress from being shot by an armed robber at Dollar General.[12]

  2. In cases involving gunshot wounds and surgery, Louisiana Courts have awarded damages far in excess of the amount in controversy for federal diversity jurisdiction. *Baudier v. Cheron, Pro Ami*, 553-336 (Unknown La. State Ct., May 2003); 2003 WL 25763438 ($405,555 award for gunshot

---

[10] *See* Exhibit "A" (Petition for Damages).
[11] *See* Exhibit "A" (Petition for Damages).
[12] *See* Exhibit "A" (Petition for Damages).

wound to plaintiff's hip); *Romaguera v. Piccadilly Cafeterias, Inc.*, 94-374 (La. App. 5 Cir. 12/14/94); 648 So.2d 1000 ($375,000 award for gunshot wound causing shattered/fractured femur, requiring surgery, residual problems, likely future procedures, and psychological problems); *Russell v. Noullet*, 97-0086 (La. App. 4 Cir. 1/14/98); 706 So.2d 540 ($200,000 award for gunshot wound to inner thigh, requiring surgery, and where plaintiff suffered residual pain); *Laborde v. Scottsdale Ins. Co.*, 96-1659 (La. App. 3 Cir. 10/22/97); 704 So.2d 247 ($175,000 award for gunshot wound to lower leg); *Haydin v. Crescent Guardian, Inc.*, 01-1986 (La. App. 4 Cir. 5/15/02); 818 So.2d 1033 ($130,000 award for gunshot wounds to arm and stomach).

5.

This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy exceeds $75,000.00, exclusive of interest and costs and complete diversity exists between all adverse and properly joined parties.

6.

The Civil District Court for the Parish of Orleans, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in

accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

7.

DG Louisiana, LLC, prays for a jury trial on all issues.

**WHEREFORE**, removing Defendant, DG Louisiana, LLC, prays that the above action now pending in the Civil District Court for the Parish of Orleans, State of Louisiana, be removed therefrom to this Honorable Court. DG Louisiana, LLC additionally prays for a jury trial on all issues.

Respectfully submitted,

/s/ *Trevor C. Davies*
PETER J. WANEK (23353)
TREVOR C. DAVIES (32846)
KATHRYN T. TREW (34116)
McCRANIE, SISTRUNK, ANZELMO,
 HARDY, McDANIEL & WELCH, LLC
909 Poydras Street, Suite 1000
New Orleans, LA 70112
Telephone: (504) 831-0946
Facsimile: (800) 977-8810
ATTORNEYS FOR DEFENDANT
DG LOUISIANA, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by placing same in the U.S. Mail, postage prepaid and properly addressed this 16th day of August, 2017.

/s/ *Trevor C. Davies*