## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CATHERINE BETEMPS | * | |
|     Plaintiff | * | CASE NO. |
| | * | |
| VERSUS | * | JUDGE |
| | * | |
| DOLGENCORP, LLC, ET AL | * | MAGISTRATE |
|     Defendant | * | |
| | * | A JURY IS DEMANDED |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### NOTICE OF REMOVAL

TO:   The Honorable Judges
of the United States District Court
for the Eastern District of Louisiana

Defendant, **DG LOUISIANA, LLC** (incorrectly captioned "Dolgencorp, LLC d/b/a Dollar General"), respectfully submits this Notice of Removal of the above-styled matter, and as cause therefore shows as follows.

1.

On the 10th day of November, 2016, the attached Petition was filed in the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana, entitled *Catherine D. Betemps v.*

*Dolgencorp, LLC, et al*, bearing case number 131308.¹ Defendant was served with the Petition on November 22, 2016.²

2.

Plaintiff's Petition alleges personal injuries as a result of an incident on November 13, 2015, at the Dollar General store located on St. Mary Street in Thibodaux, Louisiana, where she alleges she slipped and fell in liquid soap that had dripped onto the floor.³ Plaintiff claims that as a result of the alleged incident, she suffered, inter alia, "injuries to her right wrist, arm and shoulder, requiring general medical care, physical therapy, pain management, and **shoulder surgery.**"⁴  Plaintiff also claims she sustained "injuries to her lower back requiring general medical care.⁵ Further, plaintiff claims she is entitled to recover damages for past, present, and future: pain and physical suffering, loss of enjoyment of life, mental anguish and anxiety, medical expenditures, and lost earning capacity.⁶

Plaintiff's Petition did not specify an amount of damages sought, which is required under Louisiana law. The Fifth Circuit Court of Appeals has established the framework for resolving jurisdictional disputes where no specific amount of damages is asserted in the Petition.⁷ The removing defendant must prove, by a preponderance of the evidence, that the amount in

---

¹ *See* Exhibit "A" (Petition for Damages).
² *See* Exhibit "A" (Conformed Copy of Citation)
³ *See* Exhibit "A" (Petition for Damages, ¶¶ 3-5).
⁴ *See* Exhibit "A" (Petition for Damages, ¶ 9). (emphasis added)
⁵ *See* Exhibit "A" (Petition for Damages, ¶ 9).
⁶ *See* Exhibit "A" (Petition for Damages, ¶ 10).
⁷ *James v. Home Depot USA, Inc.*, 2002 WL 1453824 at *1 (E.D. La. 2002) (*citing Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999)).

controversy exceeds $75,000.[8] The defendant may make this showing in two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely in excess of $75,000, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount."[9]

In this case, Defendant will set forth facts in controversy that support a finding that the amount in controversy exceeds $75,000.[10]

3.

Pursuant to 28 U.S.C.A. 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

The case was initially timely removed, within 30 days of November 22, 2016 service of the Petition, on December 21, 2016. [R. Doc. 1]. However, on August 4, 2017, this Court issued an order remanding the case and finding insufficient evidence that the amount in controversy requirement was satisfied. [R. Doc. 13]. Since the time of the original removal, Defendant has been presented with additional evidence that the amount in controversy exceeds $75,000. This

---

[8] *Id.*
[9] *Id.*
[10] *See* Exhibit "A" (Petition for Damages)

second Notice of Removal was timely filed within 30 days of the August 4, 2017 remand order. [R. Doc. 13].

4.

This Court has original jurisdiction of this action under 28 U.S.C. § 1332, and this action is, therefore, removable to this court on the basis that:

    A.    The properly joined parties to this action are completely diverse:

        1.    Plaintiff, Catherine Betemps, is a person of full age of majority and a domiciliary of the Parish of Lafourche, State of Louisiana;[11] and

        2.    DG Louisiana, LLC, is a single member limited liability company whose sole member is Dolgencorp, LLC, whose sole member is Dollar General Corporation, which is incorporated and has its principal place of business in Tennessee.

    B.    The amount in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs.

        1. As is proper under Louisiana law, the Petition does not specify an amount of damages sought. However, in her Petition, plaintiff claims that she suffered injuries to her right wrist, arm and shoulder, requiring general medical care, physical therapy, pain management, and shoulder surgery."[12] In addition to injuries and surgery to her shoulder, plaintiff claims she

---

[11] *See* Exhibit "A" (Petition for Damages).
[12] *See* Exhibit "A" (Petition for Damages)

sustained "injuries to her lower back requiring general medical care."[13] Further, plaintiff claims she is entitled to recover damages for past, present, and future: pain and physical suffering, loss of enjoyment of life, mental anguish and anxiety, medical expenditures, and lost earning capacity.[14] Plaintiff's medical records establish that she suffered a massive rotator cuff tear and underwent a right arthroscopic massive rotator cuff repair, right arthroscopic distal clavicle excision, and right arthroscopic subacromial decompression.[15] She also underwent physical therapy treatment both before *and* after the surgery.[16] At Plaintiff's deposition in May 2017, a year-and-a-half after the November 2015 incident, Plaintiff testified that she continues to experience <u>daily</u> pain in her shoulder and has strength issues in her arm.[17]

2. In cases involving similar injuries and surgery, Louisiana Courts have awarded general damages exceeding the jurisdictional limit. *Quinn v. Wal-Mart Stores, Inc.*, 774 So.2d 1093 (La. App. 2 Cir. 2000)($150,000 general damages award for arthroscopic shoulder surgery); *Burgess v. C.F. Bean Corp.*, 743 So.2d 251 (La. App. 4 Cir. 1999)($100,000 award for

---

[13] *See* Exhibit "A" (Petition for Damages, ¶ 9).
[14] *See* Exhibit "A" (Petition for Damages, ¶ 10).
[15] *See* Exhibit "B", (Certified Medical Records from Ortho Sports Specialists).
[16] *See* Exhibit "C", (*in globo* certified billing records from all treatment providers, including Thibodaux Physical Therapy, with dates of treatment)
[17] *See* Exhibit "D" (Deposition of Plaintiff, p. 45).

arthroscopic shoulder surgery); *Rayburn v. Ponthieux*, 902 So.2d 1136 (La. App. 3 Cir. 2005)($85,000 awarded to elderly plaintiff who sustained rotator cuff tear but was not even a surgical candidate); *Ibrahim v. Hawkins*, 845 So.2d 471 (La. App. 1 Cir. 2003)($75,000 awarded for arthroscopic shoulder surgery, therapy, and soft tissue injuries); *Younce v. Pacific Gulf Marine, Inc.*, 817 So.2d 255 (La. App. 5 Cir. 2002)($75,000 awarded for partial rotator cuff tear requiring arthroscopic surgery).

3. Further, Plaintiff's medical billing records indicate that her medical specials total $52,874.63[18] itemized as follows:

| Medical Facility | Medical Specials |
|---|---|
| Thibodaux Regional ER | $2,233.00 |
| Thibodaux Physical Therapy | $10,040.18 |
| Ortho Sports Specialists | $10,818.00 |
| Bayou Regional Surgical Center | $26,879.75 |
| Thibodaux Regional Diagnostics | $2,903.70 |
| **TOTAL:** | **$52,874.63** |

Thus, as the medical specials total almost $53,000 to date and general damages for shoulder surgeries range from $75,000-$150,000, the amount

---

[18] *See* Exhibit "C", *in globo* certified billing records from Thibodaux Regional ER, Thibodaux Physical Therapy, Ortho Sports Specialists, Bayou Regional Surgical Center, and Thibodaux Regional Diagnostics.

in controversy clearly exceeds $75,000, exclusive of interest and costs. In further support that the amount in controversy exceeds $75,000 is Plaintiff's response to a Request for Admission, denying that her damages do *not* exceed $75,000, exclusive of interest and costs.[19]

5.

This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy exceeds $75,000.00, exclusive of interest and costs and complete diversity exists between all adverse and properly joined parties.

6.

The Civil District Court for the Parish of Lafourche, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

7.

DG Louisiana, LLC, prays for a jury trial on all issues.

---

[19] *See* Exhibit "E", Plaintiff's Response to Request for Admission.

WHEREFORE, removing Defendant, DG Louisiana, LLC, prays that the above action now pending in the 17th District Court for the Parish of Lafourche, State of Louisiana, be removed therefrom to this Honorable Court. DG Louisiana, LLC additionally prays for a jury trial on all issues.

Respectfully submitted,

/s/ Trevor C. Davies
PETER J. WANEK (23353)
TREVOR C. DAVIES (32846)
KATHRYN T. TREW (34116)
McCRANIE, SISTRUNK, ANZELMO,
 HARDY, McDANIEL & WELCH, LLC
909 Poydras Street, Suite 1000
New Orleans, LA 70112
Telephone: (504) 831-0946
Facsimile: (800) 977-8810
ATTORNEYS FOR DEFENDANT
DG LOUISIANA, LLC

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by placing same in the U.S. Mail, postage prepaid and properly addressed this 16th day of August, 2017.

/s/ Trevor C. Davies