# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| BETEMPS | CIVIL ACTION |
|---|---|
| VERSUS | CASE NO. 17-7880 |
| DOLGENCORP, LLC, ET AL | SECTION: "G"(1) |

## ORDER AND REASONS

Pending before the Court is Defendant DG Louisiana, LLC's ("Defendant") "Motion for Summary Judgment."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will deny the motion.

## I. Background

Plaintiff Catherine Betemps ("Plaintiff") alleges that on November 13, 2015, she slipped and fell due to a liquid substance on the floor of a Dollar General store located in Thibodeaux, Louisiana.[2] Plaintiff alleges that she slipped on a spill, which was caused by a dripping soap bottle being carried by another customer in the store.[3]

On November 10, 2016, Plaintiff filed suit against Defendant in the 17th Judicial District Court for the Parish of Lafourche.[4] On August 16, 2017, Defendant removed the case to this Court.[5] On July 9, 2018, Defendant filed the instant motion for summary judgment.[6] On July 26, 2018,

---

[1] Rec. Doc. 14.

[2] Rec. Doc. 2-1 at 1.

[3] *Id.*

[4] *Id.*

[5] Rec. Doc. 2.

[6] Rec. Doc. 14.

1

Plaintiff filed an opposition to Defendant's motion.[7] On August 2, 2018, with leave of Court, Defendant filed a reply to Plaintiff's opposition.[8]

## II. Parties' Arguments

### A. *Defendant's Motion for Summary Judgment*

Defendant argues that summary judgment is appropriate, claiming that Plaintiff cannot meet her burden under Louisiana's Merchant Liability Statute, Louisiana Revised Statute, § 9:2800.6(b)(2).[9] Defendant argues that Plaintiff cannot offer any evidence that Defendant had actual or constructive notice of the liquid substance on the floor, as it had allegedly been on the floor for less than ten seconds before Plaintiff slipped.[10] Further, Defendant contends that Plaintiff cannot prove that Defendant created the condition that caused the liquid to be on the ground.[11] Defendant argues that Plaintiff's own deposition testimony, as corroborated by the deposition of Dollar General employees and video surveillance footage, demonstrates that Defendant's employee only learned of the spill as Plaintiff slipped and fell on the liquid substance.[12] Further, Defendant contends that Plaintiff cannot offer any evidence that "the bottle was stocked in a damaged or leaky condition."[13] Accordingly, Defendant contends that the Court should grant

---

[7] Rec. Doc. 18.

[8] Rec. Doc. 22.

[9] Rec. Doc. 14-2.

[10] *Id.* at 9.

[11] *Id.* at 10.

[12] *Id.*

[13] *Id.* at 11.

Defendant's summary judgment, as Defendant asserts that Plaintiff cannot establish the necessary elements under Louisiana's Merchant Liability Statute.[14]

## B.     *Plaintiff's Opposition to Defendant's Motion*

In opposition, Plaintiff does not argue that Defendant had actual or constructive notice of the spill, but instead contends that Defendant "created" the spill by stocking a leaky bottle and either negligently failing to tighten a loose cap or removing the defective bottle from the shelves of Defendant's Thibodeaux store.[15] Plaintiff cites the deposition testimony of the store's Assistant Manager, who speculated that the top of the bottle was not securely tightened or that the cap was completely broken.[16] Plaintiff points to her deposition testimony as well as the video surveillance footage, which allegedly shows the customer holding the bottle at issue upside down.[17] Plaintiff asserts the customer would not have held the bottle upside down had he opened the bottle.[18] Plaintiff also cites the deposition testimony of a former assistant manager at Defendant's Thibodeaux store who testified that employees previously stocked bottles with loose tops and that employees were not required to ensure that the top of every bottle was securely fastened.[19]

Last, Plaintiff argues that summary judgment is not appropriate because the jury must weigh evidence as to whether an adverse inference under the theory of spoliation should be made against Defendant, as Plaintiff alleges that Defendant's employees "failed to maintain possession

---

[14] *Id.* at 12.

[15] Rec. Doc. 18-1 at 3.

[16] *Id.*

[17] *Id.*

[18] *Id.* at 4.

[19] *Id.* at 5.

3

of the leaky soap bottle or describe its condition" when Defendant "of course knew that a leaky soap bottle causing a slip-and-fall was relevant to future litigation."[20] Furthermore, Plaintiff argues that the actions of Defendant's employees directly violated Defendant's "Standard Operating Procedures Manual," which requires employees to gather information about an accident and ask any witnesses to give an account of what occurred.[21] Plaintiff argues that Defendant's employees also spoliated evidence by failing to interview the customer who handled the soap bottle and failing to get his identification or contact information.[22]

## C. *Defendant's Reply in Further Support of Motion for Summary Judgment*

In reply, Defendant argues that Plaintiff has no evidence that the bottle was leaky or otherwise defective at the time it was stocked.[23] Defendant argues that neither Plaintiff's deposition testimony nor the video surveillance footage supports Plaintiff's assertion that the bottle was leaking or had an unsecured top when a customer took it off the shelf.[24]

As to Plaintiff's argument that the jury should make an adverse inference as to the state of the bottle that leaked, Defendant argues that Plaintiff has presented no evidence of bad faith, as Defendant's employees have testified that they do not know what happened to the bottle and that they did not believe the bottle was especially significant evidence.[25] Further, Defendant asserts

---

[20] *Id.* at 10.

[21] *Id.* at 11–12.

[22] *Id.* at 12.

[23] Rec. Doc. 22.

[24] *Id.* at 2.

[25] *Id.* at 5.

4

that negligence will not permit the imposition of sanctions for spoliation, and considering there is no evidence of malicious intent, sanctions are inappropriate.[26]

### III. Legal Standard

*A.     Legal Standard for Summary Judgment*

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[27] When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[28] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[29] If the record, as a whole, could not lead a rational trier of fact to find for the nonmoving party, then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[30]

On a motion for summary judgment, the moving party bears the initial burden of identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[31] "To satisfy this burden, the movant may either (1) submit evidentiary documents

---

[26] *Id.*

[27] Fed. R.Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[28] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[29] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[30] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

[31] *Celotex,* 477 U.S. at 323.

that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[32] If the moving party satisfies its initial burden, the burden shifts to the nonmoving party to "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[33] In doing so, the nonmoving party may not rest upon mere allegations or denials in its pleadings, but rather must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[34] The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[35] There is no genuine issue for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[36] Furthermore, it is well-established that "[u]nauthenticated documents are improper as summary judgment evidence."[37]

---

[32] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (citing *Little v. Liquid Air Corp.*, 939 F.2d 1293, 1299 (5th Cir. 1991)).

[33] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[34] *Morris*, 144 F.3d at 380 (citing *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992)); *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

[35] *Little*, 37 F.3d at 1075.

[36] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citing *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)).

[37] *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

### B. *Applicable Law on Merchant Liability*

For a plaintiff to prevail against a merchant in a slip and fall negligence action such as the one here, the plaintiff must show that the merchant is negligent under Louisiana Revised Statute § 9:2800.6.[38] Under Louisiana Revised Statute § 9:2800.6, a plaintiff bringing a negligence claim against a merchant for a fall allegedly caused by conditions existing on a merchant's premises must show that: (1) "[t]he condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable"; (2) "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence"; and (3) "[t]he merchant failed to exercise reasonable care." To prevail, the plaintiff must prove all three elements of the merchant liability statute.[39] Therefore, even if the plaintiff prevails on the "risk of harm" and "reasonable care" elements, the plaintiff may not sustain a negligence cause of action unless the plaintiff can also prove that the merchant created the condition or had actual or constructive notice of the condition that caused the damage.[40]

### IV. Analysis

In the motion, Defendant argues that summary judgment is appropriate because Plaintiff can offer no evidence that Defendant created the condition which led to Plaintiff's accident or that Defendant had actual or constructive notice of the condition. In opposition, Plaintiff does not make a notice argument, but instead contends that Defendant created the harm by stocking a leaky soap

---

[38] *See Howard v. Family Dollar Store No. 5006*, 40-282 (La. App. 2 Cir. 10/26/05); 914 So. 2d 118, 120; *Menjivar v. Rouse's Enters., L.L.C.*, 03-0808, p. 5 (La. App. 5 Cir. 12/30/03); 865 So. 2d 176, 178; *Dickerson v. Winn-Dixie, Inc.*, 2001-0807, p. 3 (La. App. 1 Cir. 2/27/02); 816 So. 2d 315, 317; *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97); 699 So. 2d 1081, 1083.

[39] *White*, 699 So. 2d at 1084.

[40] *See id.*

bottle, which caused Plaintiff's accident. Plaintiff also argues that Plaintiff would be entitled to an adverse inference at trial on the state of the alleged leaky bottle, as Plaintiff asserts that Defendant spoliated evidence by failing to preserve the soap bottle or failing to identify the other customer and potential witness, a contention Defendant strenuously objects to in its reply.

As explained above, under Louisiana's merchant liability statute, the plaintiff must prove three elements by a preponderance of the evidence: (1) the condition that caused the accident presented an unreasonable, and reasonably foreseeable, risk of harm to the plaintiff, (2) the merchant either created or had actual or constructive notice of the condition which caused the harm, prior to its occurrence, and (3) the merchant failed to exercise reasonable care.[41]

Here, the parties focus their disagreement on whether Defendant created the condition which caused the harm, *i.e.*, the spill that led Plaintiff to slip and fall. Plaintiff is correct in her assertion that Plaintiff does not need to prove notice, actual or constructive, if Defendant created the condition which caused the harm.[42] The Fifth Circuit, when analyzing Louisiana's merchant liability law, explained that "the ordinary meaning of 'creation' admits of creation both through direct action—pounding holes into the roof with hammers—and failure to act—e.g., a failure to fix a known leaky roof, leading to the creation of hazardous puddles on the floor."[43] Therefore, under the plain language of the statute and Fifth Circuit precedent, the second element of the statute could be fulfilled if Defendant's employees did in fact stock a leaky bottle of soap or one that did not have its top screwed on securely.

---

[41] La. Rev. Stat. § 9:2800.6.

[42] *Deshotel v. Wal-Mart Louisiana, L.L.C.*, 850 F.3d 742, 748 (5th Cir. 2017) ("There is no requirement of notice when it comes to creation of the hazard.")

[43] *Id.*

8

Defendant points to the deposition testimony of several store employees and Plaintiff, none of whom testified that they knew that the bottle in question had an unsecured top or was leaking when it was stocked by Defendant's employees. Defendant also points to the video surveillance footage, which fails to show that the bottle was leaky or had a loose top before it spilled on the floor and caused Plaintiff's accident. In opposition, Plaintiff cites to deposition testimony of the Assistant Manager who speculated that the cap "wasn't on tight or the cap was completely broken . . . I think it just wasn't on tight or the top wasn't screwed on, and [the other customer] was just holding [the bottle] the wrong way and it leaked on the floor."[44] Plaintiff explains that the only reasonable explanation for why a customer would carry a soap bottle upside down is that the customer "was unknowingly carrying a soap bottle with the top opened or with a latent leak."[45] Plaintiff also points to deposition testimony from former employees of Defendants, who testified that Defendant had negligent stocking procedures and that employees previously stocked leaky or unsecured bottles on the shelves of Defendant's stores.[46]

The resolution of this issue—*i.e.*, whether Defendant created the condition which caused Plaintiff's fall—is largely dependent on the factual inferences made by the fact-finder and whether the fact-finder decides that it is more likely than not, based on the testimony of Defendant's employees, Defendant's practices, and the video surveillance footage, that the bottle was leaky or unsecured when the other customer picked it up off the shelf. Therefore, considering there remains a genuine question of material fact as to whether Defendant's employees stocked a leaky or unsecured bottle, which then caused Plaintiff's accident, summary judgment is not appropriate.

---

[44] Rec. Doc. 18-1 at 4 (citing Pl. Exh. B, pp. 17–18).

[45] *Id.* at 4.

[46] *Id.* at 4–7.

As the Court will deny summary judgment on these grounds, it does not need to address, at this stage, whether Plaintiff would be entitled to an adverse inference at trial on the state of the leaky bottle under the theory of spoliation of evidence or whether Defendant would be subject to sanctions.

### IV. Conclusion

As there remains a genuine question of material fact as to whether Defendant created the condition on the premises that led to Plaintiff's accident, which is one theory of recovery available under Louisiana's merchant liability statute, the Court denies Defendant's motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant DG Louisiana, LLC's "Motion for Summary Judgment"[47] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 29th day of August, 2018.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[47] Rec. Doc. 14.